**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
*d.bradley@mpglaw.com*

Attorneys for Defendant TRANS UNION LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Noel T. Winter; Blanca O. Winter,<br><br>  Plaintiffs,<br><br>vs.<br><br>Trans Union; Experian, Inc.; Equifax/EISC; Credit Control; America's Servicing Company; Lamont, Hanley & Associates; Bristol West Insurance; Coast National Insurance Co.; Medi Credit Corporation; Credit Collections Association; First Premier Bank; Professional Collections System; Chrysler Financial; CFC Deficiency Recovery; Franklin Credit Management; Associated Credit & Collections; MAF Collection of Services; GC Services; Infections Disease Associates of Greater Orlando, P.A.; Central Florida Pathology; Southwest Credit Systems, L.P.; AT & T Mobility, LLC.<br><br>  Defendants. | CASE No. CV09-4482 RSWL(PLAx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TRANS UNION LLC TO DISMISS**<br><br>Date:    August 31, 2009<br>Time:    10:00 a.m.<br>Place:   Courtroom 5<br>Judge:   Christina A. Snyder |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** the motion of Defendant Trans Union LLC to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is set for hearing on August 31, 2009 at 10:00 a.m. or as soon

1  thereafter as the matter may be heard in courtroom 5 of the above entitled Court located at 312 North Spring Street, Los Angeles, California. Alternatively, Trans Union moves pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. Trans Union's motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion.

This motion is exempt from the Local Rule 7-3 prefiling conference requirement because Plaintiff is pro se and is not an attorney (see also Local Rule 16-12).

DATED: August 6, 2009   MUSICK, PEELER & GARRETT LLP

By: /s/
Donald E. Bradley
Attorneys for Trans Union LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On or about June 22, 2009, Plaintiffs, who are proceeding pro se, filed their Complaint against Trans Union, among others, attempting to allege various violations of the Fair Credit Reporting Act ("FCRA"), 15 USC §1681 et. seq., and seeking monetary damages.

Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs present no factual allegations in their Complaint, instead making generalized, vague, and conclusory allegations against this Defendant as well as others. Such attempts are insufficient to notify Trans Union as to the basis of the claims asserted against it and as such, Trans Union's Motion to Dismiss should be granted. Alternatively, Plaintiffs should be compelled to file a more definite statement as to their claims against Trans Union.

### II. APPLICABLE LEGAL STANDARD

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401-02 (5th Cir.1996). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport McMoran, Inc., 197 F.3d 161, 164 (5th Cir.1999).

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not

1  suffice to prevent a motion to dismiss. <u>Fernandez-Montes v. Allied Pilots Ass'n</u>,
2  987 F.2d- 278, 284 (5th Cir.1993). Specifically, a motion to dismiss will be granted
3  when "the factual averments do not justify recovery on some theory adumbrated in
4  the complaint... ." Podiatrist <u>Assn. v. La Cruz Azul de P.R., Inc.</u>, 332 F.3d 6, 19
5  (1st Cir.2003). "The threshold for stating a claim may be low, but it is real." <u>Id.</u>
6  "The complaint must therefore set forth factual allegations, either direct or
7  inferential, supporting each material element necessary to sustain recovery under
8  some actionable legal theory." <u>Id.</u>

III. **ARGUMENT AND AUTHORITY**

   A. **Plaintiffs' Complaint Fails to State Facts Sufficient to Support a Claim for Relief**

In Paragraph 54, Plaintiffs claim that Trans Union violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. in the amount of $5,000 per violation. Plaintiffs have neither cited any specific statutory provisions of the FCRA that Trans Union allegedly violated, nor mentioned how and when Trans Union supposedly violated the FCRA. Trans Union therefore requests that the Court dismiss this general claim to the extent it is even alleged, against Trans Union.

   B. **Alternatively, the Court Should Grant Trans Union's Motion for More Definite Statement as to Plaintiffs' Complaint**

Alternatively, Trans Union requests that the Court order Plaintiffs to file a more definite statement as to the specific FCRA claims brought against Trans Union, thereby allowing Trans Union the ability to respond to the claims. Again, Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims showing that the pleader is entitled to relief... ." For this reason, Federal Rule of Civil Procedure 12(e) provides that "if a pleading ...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e).

A more definite statement is necessary because the basic pleading

1  requirements under Rule 8 have not been met.  Plaintiffs' Complaint presents only
2  generalized, vague, and conclusory allegations as to Trans Union (and other
3  defendants as well), without providing any specific factual averments as to Trans
4  Union's alleged violations of the FCRA.
5      As a result, Trans Union cannot frame a responsive pleading without making
6  assumptions about Plaintiffs' allegations, which Trans Union should not be required
7  to do.  As a Defendant, Trans Union is expected to respond to the pleadings in short
8  and plain terms, asserting defenses and admitting or denying the averments upon
9  which the adverse party relies.  Fed. R. Civ. P. 8(b).  As it stands, the Complaint
10 does not provide allegations sufficiently definite to determine what Plaintiffs' claims
11 are premised on, and more importantly, does not provide Trans Union with the
12 ability to properly state its defenses and comply with its obligations under Rule 8(b).
13     Accordingly, should the Court not dismiss Plaintiffs' Complaint in its
14 entirety, Trans Union requests that Plaintiffs be ordered to amend their FCRA
15 claims and any others against Trans Union and provide a more definite statement as
16 to the basis of those claims.

## IV.  CONCLUSION

Defendant Trans Union respectfully requests that the Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, direct Plaintiffs to provide a more definite statement.

DATED: August 6, 2009                MUSICK, PEELER & GARRETT LLP


By: /s/ _____
Donald E. Bradley
Attorneys for TRANS UNION LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On August ___, 2009, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Musick, Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address j.donoghue@mpglaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 6, 2009, at Costa Mesa, California.

_____
Joan M. Donoghue

650478.1

MOTION TO DISMISS

## SERVICE LIST

Noel T. Winter
Blanca O. Winter
615 North Sparks Street
Burbank, CA 91506
Telephone: 818-888-3692