**MOT**
ARTHUR W. TUVERSON
State Bar No. 049834
LAW OFFICES OF ARTHUR W. TUVERSON
A Limited Liability Partnership
Including Professional Corporations
12011 San Vicenter Blvd., Suite 600
Los Angeles, California 90049
Telephone: (310)472-1354
Facsimile: (310)471-1697

Attorneys for Specially Appearing DEFENDANT,
Infectious Disease Associates of Greater Orlando, P.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Noel T. Winter; Blanca O. Winter, <br><br> Plaintiffs, <br><br> v. <br><br> TransUnion Experian, Inc.; Equifax/EISC Credit Control America's Servicing Company; Lamont, Hanley & Associates; Bristol West Insurance; Coast National Insurance Co.; Medi Credit Corporation; Credit Collections Association; First Premier Bank; Professional Collections System; Chrysler Financial; CFC Deficiency Recovery; Franklin Credit Management; Associated Credit & Collections; MAF Collection Services; GC Services; Infectious Disease Associates of Greater Orlando, P.A.; Central Florida Pathology; Southwest Credit Systems, L.P.; AT&T Mobility, LLC., <br><br> Defendants. | CASE No. CV09-4482 RSWL (PLAx) <br><br> **SPECIALLY APPEARING DEFENDANT INFECTIOUS DISEASE ASSOCIATES OF GREATER ORLANDO, P.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** <br><br> Date:  September 28, 2009 <br> Time:  10:00 a.m. <br> Place:  Courtroom 5 <br> Judge:  Christina A. Snyder |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Infectious Disease Associates of Greater Orlando, P.A.'s Motion to Dismiss Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) is set for hearing on September 28, 2009 at 10:00 a.m. or as soon thereafter

as the matter may be heard in courtroom 5 of the above entitled Court located at 312 North Spring Street, Los Angeles, California. This motion is based on the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion.

This motion is exempt from the Local Rule 7-3 pre-filing conference requirement because Plaintiff is pro se and is not an attorney.

DATED this 1st day of September, 2009.   LAW OFFICES OF ARTHUR W. TUVERSON

By: /s/ Arthur W. Tuverson
ARTHUR W. TUVERSON, ESQ.
California State Bar No. 049834
LAW OFFICE OF ARTHUR W. TUVERSON
A Limited Liability Partnership
Including Professional Corporations
12011 San Vicente Blvd., Suite 600
Los Angeles, California 90049

Attorneys for Specially Appearing Defendant,
Infectious Disease Associates of Greater
Orlando, P.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On or about June 22, 2009, Plaintiffs, who are proceeding pro se, filed their Complaint in this matter against Defendant Infectious Disease Associates of Greater Orlando, P.A. (hereinafter "IDA"), among others, attempting to allege violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC 1681 et. seq.

Plaintiffs' Complaint should be dismissed against Defendant IDA at this time for two (2) reasons: 1) This Court has no personal jurisdiction over Defendant IDA pursuant to FRCP 12(b)(2); and 2) Plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

Plaintiffs have failed to allege in their Complaint that Defendant IDA has any contacts whatsoever with California. This is not surprising, because Defendant IDA does not have any contacts with California. Therefore, this Court lacks personal jurisdiction over Defendant IDA, and Plaintiffs' Complaint against IDA should be dismissed at this time.

Further, Plaintiffs present no factual allegations in their Complaint, instead making generalized, vague, and conclusory allegations against Defendant IDA. Such statements are insufficient to notify IDA as to the basis of the claims asserted against it, and as such, Defendant IDA's Motion to Dismiss should be granted based on Plaintiffs' failure to state a claim upon which relief can be granted.

## II.

## APPLICABLE LEGAL STANDARD

A. **Personal Jurisdiction**

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. *Pebble Beach Co. v. Caddy*, 453

F.3d 1151, 1154 (9th Cir.2006). The exercise of personal jurisdiction over a defendant is consistent with the due process clause when the defendant has certain minimum contacts with the forum state such that defendant could reasonably expect "being hailed into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). In applying the minimum contacts test for personal jurisdiction, a court may obtain either general or specific jurisdiction. General personal jurisdiction arises when the defendant's activities in the forum state are so "substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir.2006)

If a non-resident defendant's contacts with California are not sufficiently continuous or systematic to give rise to general personal jurisdiction, the defendant may still be subject to specific personal jurisdiction on claims arising out of defendant's contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986). The court employs a three-part test to determine whether the exercise of specific jurisdiction comports with constitutional principles of due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004), *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000), *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758 (9th Cir.1990). First, the defendant must "purposefully avail" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must arise out of the defendant's forum-related activities, and third, the exercise of jurisdiction must be reasonable. *Fred Martin Motor Co.*, 374 F.3d at 802.

**B.    Failure to State a Claim Upon Which Relief Can be Granted**

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The question therefore is

whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). The complaint must set therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory. *Podiatrist Assn. v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).

## III.

## ARGUMENT AND AUTHORITY

**A.   This Court Does Not Have Personal Jurisdiction over Defendant IDA Because Plaintiffs' Complaint Fails to Allege that IDA Has Any Contacts with California, and IDA Does Not Have Any Such Contacts with California**

In the entirety of Plaintiffs' Complaint, Plaintiffs include a total of two (2) statements regarding Defendant IDA. In Paragraph 22 of the Complaint, Plaintiffs state "Defendant, Infectious Diseases (sic) Associates of Greater Orlando, P.A., is a Florida corporation doing business out of 1400 S. Orlando Avenue, Suite 205, Winter Park, FL 32789."

The only other statement in Plaintiffs' Complaint regarding Defendant IDA is located in Paragraph 50, in which Plaintiffs state: "Infectious Disease Associates of Greater Orlando is an item related to surgery which was covered by Medicare. This Defendant refuses to remove the item from the credit profile of the Plaintiff, Blanca O. Winter."

Plaintiffs specifically state in Paragraph 22 that Defendant IDA is a corporation located and doing business in Orlando, Florida. The Complaint is completely silent as to how California has personal jurisdiction over Defendant IDA. The reason for this is simple; IDA has no contacts with California whatsoever, and Plaintiffs have failed to make a single allegation to the contrary.

Because Plaintiffs have failed to make any allegation whatsoever regarding IDA's contacts with California, or how California might have personal jurisdiction (either specific or general) over IDA, Plaintiffs' Complaint as to Defendant IDA should be dismissed at this time pursuant to FRCP 12(b)(2).

### B. Plaintiffs' Complaint Fails to State Facts Sufficient to Support a Claim for Relief Because Plaintiffs' Complaint Contains Only Vague and Conclusory Statements

Plaintiffs' Complaint fails to state with any specificity whatsoever how Defendant IDA has violated any provision of any law. Paragraph 50 of Plaintiffs' Complaint states that "Infectious Disease Associates of Greater Orlando is an item related to surgery which was covered by Medicare. This Defendant refuses to remove the item from the credit profile of the Plaintiff, Blanca O. Winter." This statement by Plaintiffs fails to provide any information whatsoever regarding how Defendant IDA violated any provision of any law. Plaintiffs do not even allege that Defendant IDA's refusal to remove the item from the credit profile is wrongful or has caused them damages.

Plaintiffs also state in Paragraph 54 of the Complaint that "The Plaintiffs seek damages against all named defendants in violation of Plaintiffs' rights as per the Fair Credit Reporting Act, 15 U.S.C., Paragraph 1681, et seq., in the amount of $5,000 per violation per defendant, inclusive of the creditors and the three credit reporting agencies, and for a greater amount for defendants in violation of the agreement entered into in Case Number 8:2007cv00264, filed on March 5, 2007 as per the judgment of the court." Plaintiffs fail to cite to any specific statutory provisions of the FCRA that Defendant IDA has violated. Plaintiffs fail to state when or how Defendant IDA violated the FCRA. Plaintiffs refer to a judgment in a completely different case and allege defendants violated some "agreement." However, Defendant IDA was not a party to the case that Plaintiffs speak of, and therefore any "agreement" entered into in that case would not be binding on Defendant IDA anyway. Further, Plaintiffs fail to state how any Defendants violated said

"agreement."

## IV.

## CONCLUSION

Plaintiffs' Complaint should be dismissed at this time as to Defendant IDA because Plaintiffs fail to allege that California has personal jurisdiction over Defendant IDA, which Plaintiffs allege is a "Florida corporation doing business out of 1400 S. Orlando Avenue, Suite 205, Winter Park, FL 32789." Further, Defendant IDA does not have any contacts with California which would allow California to assert personal jurisdiction over IDA pursuant to FRCP 12(b)(2).

Further, Plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). Plaintiffs' Complaint contains vague and conclusory statements, none of which even allege that Defendant IDA has violated any provision of any law. Because Plaintiffs' Complaint fails to state a valid claim upon which relief can be granted, Plaintiffs' Complaint should be dismissed as to Defendant IDA at this time.

DATED this 1st day of September, 2009.

LAW OFFICES OF ARTHUR W. TUVERSON

By: /s/ Arthur W. Tuverson
ARTHUR W. TUVERSON, ESQ.
California State Bar No. 049834
LAW OFFICE OF ARTHUR W. TUVERSON
A Limited Liability Partnership
Including Professional Corporations
12011 San Vicente Blvd., Suite 600
Los Angeles, California 90049

Attorneys for Specially Appearing Defendant, Infectious Disease Associates of Greater Orlando, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of <u>September</u>, 2009, I, personally, did electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

And:

Noel T. Winter
Blanca O. Winter
615 North Sparks Street
Burbank, CA 91506
Telephone: 818-888-3692

_____
An employee of the
LAW OFFICES OF ARTHUR W. TUVERSON